UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

CARLOS ALBERTO PEREZ LOPEZ          CIVIL ACTION NO. 11-755
   A# 077-976-238

                                   JUDGE MINALDI

VERSUS

ERIC H. HOLDER, JR., ET AL          MAGISTRATE JUDGE KAY


<u>REPORT AND RECOMMENDATION</u>


Before the court is a petition for writ of habeas corpus filed on May 16, 2011, by *pro se* petitioner, Carlos Alberto Perez Lopez, pursuant to 28 U.S.C. §2241.   Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE).   He is presently detained at the Federal Detention Center, Oakdale, Louisiana.   Petitioner contests his continued detention without an individual bond hearing.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.   For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

It appears that petitioner is a native of Guatemala.   He states that he became a lawful permanent resident on October 20, 2004.   Thereafter, on June 26, 2010, he was convicted in Kentucky of receiving stolen property and tampering with physical evidence.   Petitioner states

that he was picked up by ICE on November 8, 2010, and was placed in removal proceedings.  He states that he filed a writ of *error coram nobis* in the Kentucky court on January 25, 2011, seeking to have his conviction vacated.

On March 10, 2011, an immigration judge found him removable and ordered that petitioner be deported to Guatemala.  Petitioner's appeal of his removal order, was pending before the BIA at the time he filed the present suit.

Petitioner contends that his continued detention pursuant to 8 U.S.C. § 1226(c)(1) is unlawful as he is a lawful permanent resident.  He also contends that the Attorney General is violating his due process rights by not providing him with an individualized bond hearing.

### *Law and Analysis*

To the extent that petitioner complains that his continued detention during pendency of his removal proceedings violates the constitution, his petition is without merit.  As noted above, petitioner contests his detainment under 8 U.S.C. § 1226(c)(1).  However, section 1226(c) does not entitle an alien to an individualized bond hearing.  In fact, 8 U.S.C. § 1226(c) mandates the detention of certain criminal aliens, including those who are inadmissible by reason of having committed an offense involving moral turpitude, during their removal proceedings.  See 8 U.S.C. § 1226(c)(1)(A).

In *Demore v. Kim*, 538 U.S. 510, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), the Supreme Court held that it was constitutional to detain an alien meeting section 1226(c)'s criteria without a requisite determination that the alien posed either (1) a danger to society, or (2) a flight risk.  Under 8 U.S.C. § 1226(c)(1), "the Attorney General is required to detain deportable criminal aliens until a final order of removal is issued." *Id.*  A majority of the Court concluded that mandatory "detention necessarily serves the purpose of preventing deportable criminal

aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.,* at 52.

**Therefore,**

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to the right to file a new petition based on different grounds should petitioner's circumstances change.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 29th day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

3